# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8073 | **DATE** | July 11, 2011 |
| **CASE TITLE** | Gregory Jimmy Brown (B-09171) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Tom Dart's motion to dismiss [30] is denied. Dart is directed to answer the complaint or otherwise plead within 30 days of the date of this order. Within 60 days of the date of this order, Dart should provide Plaintiff with the names and badge numbers of the John Doe Defendants, if Dart is able to obtain such information after reviewing the pleading of this case and jail records. Dart should submit notification to the Court when he has complied with this directive. Plaintiff's motion for the appointment of counsel [33] is denied without prejudice.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Gregory Brown, a prisoner currently incarcerated at Danville Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart and three unknown jail officers. He alleges that the officers strip searched him several times during 2010 while he was at the jail. Tom Dart, the only named Defendant, was served and has filed a motion to dismiss. For the following reasons, Dart's motion is denied.

     Plaintiff's complaint alleges that he was strip searched four times 2010 while he was incarcerated at the Cook County Jail. (Complaint at 4-5.) Plaintiff states that, on July 14, July 15, September 25, and October 23, 2010, he was ordered to strip, bend over, spread his buttocks, and cough. (*Id.*) Because Plaintiff did not know the names of the officers who conducted the search, he referred to each of them as John Doe and named Sheriff Tom Dart as a Defendant. (*Id.* at 2-3.) The Court allowed the complaint to proceed, and instructed Plaintiff to forward discovery to counsel for Dart (once one entered an appearance) in order to learn the identities of the John Doe Defendants. (Doc. #16.)

     Dart has filed a motion to dismiss himself as a Defendant, contending that Plaintiff has not stated claims against him in either his individual or official capacity. (Doc. #30.) Dart cannot be dismissed at this time. First, in *pro se* prisoner cases where the prisoner does not know the identities of Defendants, a served defendant may be required to identify the unknown defendants. *See Donald v. City of Chicago Sheriff*, 95 F.3d 548, 555-56 (7th Cir. 1996); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Dart is therefore directed to review the pleadings of this case and jail records. If he is able to ascertain the identities of the officers who conducted the strip searches on the dates stated by Plaintiff, Dart shall forward to Plaintiff the officers' names and badge numbers, and shall notify the Court that such information has been forwarded. At that time, the Court will set a date for Plaintiff to substitute the names of the officers for the Doe Defendants.
**(CONTINUED)**

isk

## STATEMENT

The second reason Dart's motion must be denied is that Plaintiff's complaint could be liberally read to include a custom and policy claim. Plaintiff's description of his strip searches suggest that it was the procedure that was followed every time an inmate went to the psychiatric division of the jail. (Complaint at 4-5.) Plaintiff's allegations of repeated strip searches suggest, if not an express policy, at least a custom of strip searching inmates being transported to the psychiatric unit. (*Id.*) Allegations of such repeated actions by jail officers sufficiently state an official capacity claim against a supervisory official, such as Dart. *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 (1978) (official capacity liability may be proven by establishing: (1) an express unconstitutional policy, (2) repeated unconstitutional acts that are so widespread that they demonstrate a custom, or (3) a constitutional injury caused by a person with final decision-making authority).

Accordingly, Dart's motion to dismiss is denied. The Court directs him to Answer the complaint or otherwise plead within 30 days of the date of this order. He is also directed to review the pleadings of this case, as well as jail records, and provide Plaintiff with the names and badge numbers of the John Doe Defendants, if Dart is able to determine their identities from his search. Dart is given 60 days from the date of this order to provide such information to Plaintiff, and should notify this Court when he has complied.

Plaintiff's motion for the appointment of counsel is denied without prejudice. At the present time, this case does not involve complex issues of discovery or an evidentiary hearing. Although Plaintiff has had some difficulties with identifying some Defendants, the Court and Dart are assisting Plaintiff with this aspect of his case. Apart from difficulties with identifying the Doe Defendants, Plaintiff's pleadings indicate that he is competent to represent himself at this stage of the proceedings. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).